ERNESTO FERNANDO SCHLÜTER, Plaintiff and Appellee, v. JESÚS VERGARA GONZÁLEZ, Defendant and Appellant.

No. 5746. Argued April 14, 1932.—Decided July 30, 1932.

*Emilio Buitrago* for appellant. *E. Campos del Toro* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

From the statement of the case herein it appears that on November 29, 1929, E. F. Schlüter filed, in the District Court of Humacao, a petition for the foreclosure of a certain mortgage constituted in his favor by Jesús Vergara. On December 3 following, the court ordered that payment be formally demanded from the debtor of $577, as principal, and $200 for costs and attorney's fees which had been secured by the mortgage. The debtor defaulted, and on December 10, 1930, plaintiff filed a memorandum of costs containing the following items: "Marshal's fees, $4.50; clerk's fees, $5; certificate of the registrar of property, $3.50; expenses of publication and auction, attorney's fees, including work until the termination of this proceeding, $180; total, $193."

On the 19th day of the same month, the debtor filed a writing in which he accepted the charges for marshal's fees and clerk's fees but objected to the item for attorney's fees as excessive. The court approved the first three items of the memorandum and reduced the attorney's fees to $150 by its order of April 13, 1931, and two days later, at the instance of the plaintiff, it decreed the sale at auction of the mortgaged property for the payment of $577, as principal, and $163 as costs.

The record does not affirmatively show whether the property was sold. Perhaps this was done. It only appears that the debtor took the present appeal from the order approving the memorandum of costs, and that the appellee, that is, the creditor, has failed to appear in the appeal. We do not know his attitude, but we must assume that he accepted the decision of the district court.

A mere statement of the facts in the case herein is sufficient to conclude that it involves the same main question presented in the certiorari cases numbered 826 and 827 which

we have just decided. By virtue thereof, the order appealed from could be reversed, but this would be tantamount to admit the appeal and perhaps to raise new matters in a case terminated to the satisfaction of appellee, who agreed to collect less than he could have collected.

That being so, and without the necessity of considering and deciding the errors assigned by appellant, as none of said errors can prejudice him, since he profited with the order of the court, we believe the original position of the parties should remain unchanged, and we shall only dismiss the appeal.